NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QING LIU, | No. 16-70307 |
| Petitioner, | Agency No. A087-848-858 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2020[**]

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Qing Liu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing her appeal from an immigration judge's

decision denying her application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). We have jurisdiction under 8

U.S.C. § 1252. We review for substantial evidence the agency's factual findings.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). We grant in part and deny in part the petition for review, and we remand.

As to asylum and withholding of removal, the record compels the conclusion that the cumulative harm Liu suffered in China rose to the level of persecution. *Id.* at 1213-17 (finding petitioner suffered past persecution because of his religious beliefs where he was detained, beaten, forced to sign a document promising not to attend a home church, and required to report to the police weekly); *see also Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004) (totality of the circumstances compelled finding of persecution). Thus, we grant the petition for review as to Liu's asylum and withholding of removal claims, and remand to the agency for further proceedings consistent with this disposition. *See Guo*, 897 F.3d at 1217; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the agency's denial of CAT relief because Liu failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

16-70307